UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-20683-CR-MIDDLEBROOKS/MCALILEY

UNITED STATES OF AMERICA,

    Plaintiff,

v.

GWENDOLYN SHONTAYA BROWN,

    Defendant.
_____/

**REPORT AND RECOMMENDATION ON CHANGE OF PLEA**

The Honorable Donald M. Middlebrooks referred this matter to me to conduct a change of plea hearing for the Defendant Gwendolyn Shontaya Brown. [DE 61]. I held that hearing on November 16, 2018, and for the following reasons recommend that the Court accept Defendant's plea of guilty.

1.    At the outset of the hearing, I told Defendant of her right to have these proceedings conducted by the Judge Middlebrooks, the presiding District Court Judge. I also advised Defendant that Judge Middlebrooks would sentence Defendant, and make all findings and rulings concerning the Defendant's sentence.

2.    Defendant was made aware that she did not have to permit this Magistrate Judge to conduct this hearing and could request that the change of plea hearing be conducted by Judge Middlebrooks. Defendant, Defendant's attorney and the Assistant

United States Attorney all agreed on the record and consented to my conducting the change of plea hearing.

3. I conducted the plea colloquy with Defendant in accordance with Federal Rule of Criminal Procedure 11.

4. The parties did not have a written plea agreement; however, the Defendant orally agreed to plead guilty to the crimes charged against her in the Indictment, namely conspiracy to possess with the intent to distribute cocaine and crack cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and 846 (Count 1), possession with the intent to distribute cocaine, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, Section 2 (Count 5), and possession with the intent to distribute crack cocaine, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, Section 2 (Count 8). [DE 3].

5. The parties agreed to a written factual proffer, and had that document with them at the hearing. This was later filed with the Court. Defendant said that she read that factual proffer, and agreed to its accuracy; she also confirmed that she signed it. Government counsel stated a factual basis for the entry of Defendant's guilty plea, and identified all of the essential elements of the offenses to which the Defendant plead guilty, including any sentencing enhancements and/or aggravating factors that may be applicable. Defendant also explained in her own words, how she committed the crimes charged in the Indictment. I found that a factual basis exists for Defendant's plea of guilty. Defendant was also advised of the statutory maximum penalties. Defendant

acknowledged that she understood these possible penalties, including the maximum 40 year period of imprisonment for Count 1, and the maximum 20 year period of imprisonment for each of Counts 5 and 8.

6. Based upon the foregoing, and the statements and findings at the plea colloquy which I incorporate into this Report and Recommendation, I find that Defendant was competent and capable of entering an informed plea, and that her guilty plea was knowing and voluntary and has factual support. I recommend that the Court adopt these findings, and adjudicate Defendant guilty of Counts 1, 5 and 8 of the Indictment.

7. The U.S. Probation Office will prepare a pre-sentence investigation report, and the Defendant was advised that her **sentencing has been scheduled for January 15, 2019, at 10:45 a.m., before the Honorable Donald M. Middlebrooks, at the James Lawrence King Federal Justice Building, 99 N.E. Fourth Street, Courtroom 1155, Miami, Florida, 33132.**

Accordingly, I **RECOMMEND** that the Court accept Defendant's plea of guilty, adjudicate Defendant guilty of Counts 1, 5 and 8 of the Indictment, and that a sentencing hearing be conducted for final disposition of this matter.

**No later than fourteen days from the date of this Report and Recommendation** the parties may file any written objections to this Report and Recommendation with the Honorable Donald M. Middlebrooks, who is obligated to make a *de novo* review of only those factual findings and legal conclusions that are the subject of objections. Only those objected-to factual findings and legal conclusions may be reviewed on appeal. *See Thomas*

*v. Arn*, 474 U.S. 140 (1985), 28 U.S.C. § 636(b)(1); Fed.R.Crim.P. 59(b), 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** this 16th day of November, 2018, at Miami, Florida.

CHRIS McALILEY
UNITED STATES MAGISTRATE JUDGE

cc: The Honorable Donald M. Middlebrooks
Counsel of record